PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

COMMODITY FUTURES TRADING
COMMISSION,
                    *Plaintiff-Appellee,*

            v.

KIMBERLYNN CREEK RANCH,
INCORPORATED, a California
Corporation; KINGSFIELD RACING,
INCORPORATED, a Nevada
Corporation; SAMUEL KINGSFIELD;
PAMELA KINGSFIELD,
                    *Defendants-Appellants,*

            and

IBS, INCORPORATED, a North          No. 00-1989
Carolina Corporation; IMC TRADING,
INCORPORATED, (North Carolina), a
North Carolina Corporation; IMC
TRADING, INCORPORATED, (Arizona),
an Arizona Corporation; IMC
TRADING, INCORPORATED, (Nevada), a
Nevada Corporation; JOE MILLER
COMPANY, d/b/a IMC Trading,
Incorporated, a California
Corporation; MAZUMA TRADING
GROUP, INCORPORATED, d/b/a Pinpoint
Marketing, Limited, a Florida
Corporation; ALAN STEIN; JOSEPH
FINATERI; MICHAEL TEMPLE;

INTERNATIONAL BULLION SERVICES,
INCORPORATED, (Bahamas), a
Bahamas Corporation; F. X. & B.,
L.L.C., a Nevada Corporation;
A.J.S. ENTERPRISES, INCORPORATED, a
Nevada Corporation,

*Defendants.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CA-00-103-3-V)

Argued: October 29, 2001

Decided: January 4, 2002

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by published opinion. Judge Wilkins wrote the opinion, in
which Judge Williams and Judge Michael joined.

---

**COUNSEL**

**ARGUED:** Robert Lawrence Bonner, HOMER, BONNER & DEL-
GADO, P.A., Miami, Florida, for Appellants. Gloria Peele Clement,
Office of General Counsel, COMMODITY FUTURES TRADING
COMMISSION, Washington, D.C., for Appellee. **ON BRIEF:**
Bobbi-lee Meloro, HOMER, BONNER & DELGADO, P.A., Miami,
Florida, for Appellants. Kirk T. Manhardt, Deputy General Counsel,
Glynn L. Mays, Senior Assistant General Counsel, Office of General
Counsel, COMMODITY FUTURES TRADING COMMISSION,
Washington, D.C., for Appellee.

**OPINION**

WILKINS, Circuit Judge:

Kimberlynn Creek Ranch, Inc., Kingsfield Racing, Inc., Samuel Kingsfield, and Pamela Kingsfield (collectively, "the Relief Defendants") appeal a preliminary injunction entered by the district court freezing their assets and directing them to transfer those assets and related records to a receiver appointed by the court. The Relief Defendants' challenges relate solely to the authority of the district court to enter the preliminary injunction against them. Because we conclude that the district court possessed the authority to enter the preliminary injunction, we affirm.

I.

The Commodity Futures Trading Commission ("the Commission") brought this action against several corporate and individual defendants (collectively, "the Claim Defendants") alleging that they fraudulently telemarketed illegal futures contracts for precious metals and other commodities. The Commission also sued the Relief Defendants and several others, alleging that they held proceeds of the fraud, in which they had no ownership interest, on behalf of the Claim Defendants. The facts regarding the underlying fraud are set forth in the memorandum and order of the district court, *see Commodity Futures Trading Comm'n v. IBS, Inc.*, 113 F. Supp. 2d 830, 833-41 (W.D.N.C. 2000), but are not relevant to this appeal. It suffices to say that the district court determined that beginning in 1991, the individual claim defendants created a series of corporations, including a sham head-quarters in the Bahamas, for the purpose of telemarketing futures con-tracts in gold and silver bullion and other commodities. Although customers paid storage fees for the commodities, there was no evi-dence that any physical commodities were ever stored on the custom-ers' behalf.

The district court found that between October 1997 and March 2000, approximately $2.41 million traceable to the fraudulent activity was deposited into accounts partially or wholly controlled by the Relief Defendants. About half of this money—$1.22 million—was deposited into accounts in the name of Kimberlynn Creek Ranch and

Kingsfield Racing, businesses managed by Pamela Kingsfield. An additional $790,912 was paid directly to Samuel Kingsfield, and almost $400,000 was deposited into Pamela Kingsfield's account. Although Samuel Kingsfield testified that all of the transferred funds constituted payment for services he rendered to one or more of the Claim Defendants, he produced no documentary evidence to support this claim, and the district court discredited his testimony. Evidence further indicated that the corporate claim defendants issued credit cards to Samuel and Pamela Kingsfield and paid for the Kingsfields' charges on those cards. Although the cards were ostensibly for business purposes, they were in fact used for tens of thousands of dollars worth of personal expenses.

The district court determined that the $2.41 million constituted the proceeds of fraudulent activity and that the Relief Defendants had no ownership interest in the money, *i.e.*, that they were simply holding the money on behalf of the Claim Defendants and had no right to make use of the funds. Accordingly, the court entered the preliminary injunction described above.[1]

## II.

The Relief Defendants challenge the entry of the injunction, maintaining first that the relevant provision of the Commodity Exchange Act (CEA), 7 U.S.C.A. § 13a-1 (West 1999 & Supp. 2001), does not provide subject matter jurisdiction over claims against individuals who have not violated the CEA and that, even if such jurisdiction exists, it does not extend to them. Second, the Relief Defendants

---

[1] We note that the asset freeze ordered in the preliminary injunction does not distinguish between assets traceable to the fraud and assets legitimately acquired by the Relief Defendants independently of the fraudulent activity; the injunction thus appears to freeze not only funds held by the Relief Defendants on behalf of the Claim Defendants, but also assets in which the Relief Defendants have an ownership interest. However, the Relief Defendants do not challenge the terms of the preliminary injunction in this appeal. At oral argument, counsel for the Relief Defendants informed the court that contempt proceedings concerning the proper scope of the injunction are ongoing in the district court.

assert that even if the court possessed subject matter jurisdiction, it lacked the authority to enter a preliminary injunction against them.[2]

Ordinarily, the entry of a preliminary injunction is reviewed for abuse of discretion. *See Microstrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). Here, however, the Relief Defendants raise only legal questions concerning the existence of subject matter jurisdiction and the proper interpretation of § 13a-1. Accordingly, this court applies a de novo standard of review. *See Carr v. Forbes, Inc.*, 259 F.3d 273, 278 (4th Cir. 2001).

## A.

The Relief Defendants first challenge the jurisdiction of the district court over the Commission's claim to the assets in question. The Commission brought this action pursuant to 7 U.S.C.A. § 13a-1, which permits the Commission to seek an injunction against "any registered entity or other person [who] has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of [the CEA] or any rule, regulation, or order thereunder." 7 U.S.C.A. § 13a-1(a). The Commission does not assert that any of the Relief Defendants has violated the CEA; it rather maintains that the Relief Defendants are holding funds traceable to the fraudulent activity of others.[3] The Relief Defendants argue that because the Commission does not seek to hold them liable for violations of the

---

[2]The Relief Defendants also contend that they may not be ordered to disgorge the funds. We note that the district court has not yet ordered disgorgement; the preliminary injunction simply freezes assets and orders that they be turned over to a receiver. There is no question, however, that the Commission ultimately seeks the disgorgement of the funds held by the Relief Defendants.

[3]While this appeal was pending, the district court granted the Commission's motion to file an amended complaint that changed Samuel Kingsfield's status from that of a relief defendant to that of a claim defendant. The Commission filed an amended complaint and sought a preliminary injunction against him. He, in turn, moved to dismiss the amended complaint. The district court has deferred ruling on the motion for preliminary injunction and the motion to dismiss pending the outcome of this appeal.

CEA, they do not fall within the ambit of § 13a-1, and thus the district court lacked subject matter jurisdiction over the Commission's attempt to freeze their assets.

We agree with the Relief Defendants—and indeed, the Commission does not dispute—that because they are not accused of any fraud in violation of the CEA, § 13a-1 did not provide the district court with subject matter jurisdiction over a separate cause of action against them. *Cf. SEC v. Cherif*, 933 F.2d 403, 413-14 (7th Cir. 1991) (holding that provision of Securities Exchange Act allowing injunction against one who is violating, or will violate, securities laws does not confer subject matter jurisdiction over dispute with individual not accused of such violations). No such cause of action was pursued, however. The Commission's claims are against the Claim Defendants; the Relief Defendants were brought into the suit as nominal defendants only.

Nominal defendant status is an "obscure common law concept," *id.* at 414, that has come to be applied in the context of the Securities Exchange Act (SEA) of 1934, *see, e.g.*, *SEC v. Cavanagh*, 155 F.3d 129, 136 (2d Cir. 1998); *SEC v. Colello*, 139 F.3d 674, 675-77 (9th Cir. 1998); *Cherif*, 933 F.2d at 414. "A 'nominal defendant' is a person who can be joined to aid the recovery of relief without an [additional] assertion of subject matter jurisdiction only because he has no ownership interest in the property which is the subject of litigation." *Cherif*, 933 F.2d at 414; *Colello*, 139 F.3d at 677 (noting that "the standard nominal defendant is a bank or trustee, which has only a custodial claim to the property"). Because a nominal defendant has no ownership interest in the funds at issue, once the district court has acquired subject matter jurisdiction over the litigation regarding the conduct that produced the funds, it is not necessary for the court to separately obtain subject matter jurisdiction over the claim to the funds held by the nominal defendant; rather, the nominal defendant is joined "purely as a means of facilitating collection." *Colello*, 139 F.3d at 676 (internal quotation marks omitted). In short, a nominal defendant is part of a suit only as the holder of assets that must be recovered in order to afford complete relief; no cause of action is asserted against a nominal defendant. *See id.* (noting the importance of "distinguishing between causes of action and forms of relief"). As the Second Circuit has succinctly explained, "Federal courts may

order equitable relief against a person who is not accused of wrongdoing in a securities enforcement action where that person: (1) has received ill-gotten funds; and (2) does not have a legitimate claim to those funds." *Cavanagh*, 155 F.3d at 136.[4]

Alternatively, the Relief Defendants contend that the district court could not proceed against them as nominal defendants because they have asserted an ownership interest in the funds through Samuel Kingsfield's testimony during the preliminary injunction hearing that the funds were received as compensation for his services. We agree that receipt of funds as payment for services rendered to an employer constitutes one type of ownership interest that would preclude proceeding against the holder of the funds as a nominal defendant. However, a claimed ownership interest must not only be recognized in law; it must also be valid in fact. Otherwise, individuals and institutions holding funds on behalf of wrongdoers would be able to avoid disgorgement (and keep the funds for themselves) simply by stating a claim of ownership, however specious. Here, the district court, by rejecting Samuel Kingsfield's testimony, found that the claim of ownership was not factually valid. This finding was not clearly erroneous.[5]

---

[4]As far as we are aware, this litigation represents the Commission's first attempt to obtain relief from a nominal defendant in an action for commodities fraud. The novelty of this attempt does not give us pause, however. Given the general similarity between the role of the Commission and the role of the SEC in remedying wrongs within their respective spheres, it is entirely appropriate to allow the Commission to proceed against nominal defendants under the same circumstances in which the SEC could proceed against such defendants. *See Colello*, 139 F.3d at 676 (stating generally that "ample authority supports the proposition that the broad equitable powers of the federal courts can be employed to recover ill gotten gains for the benefit of the victims of wrongdoing, whether held by the original wrongdoer or by one who has received the proceeds after the wrong"); *cf. CFTC v. Hunt*, 591 F.2d 1211, 1223 (7th Cir. 1979) (noting that although the CEA does not contain the same explicit grant of broad equitable authority found in the SEA, "neither does [the CEA] have any provision restricting the equitable power of the district court").

[5]There seemed to be some confusion at oral argument as to whether the Relief Defendants would be entitled to be heard before the entry of a final order disgorging the assets. We have no doubt that the district

*See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 939 (4th Cir. 1995) (stating that factual findings underlying injunction are reviewed for clear error).

B.

Our conclusion that the Relief Defendants are properly in this litigation as nominal defendants is fatal to their claim that § 13a-1(a) does not permit the imposition of an injunction against them because they are not accused of violating the CEA. First, we reject the Relief Defendants' contention that a district court may not order injunctive relief against a nominal defendant. When a plaintiff seeks equitable relief (as the Commission does here), a district court possesses "inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995). Such orders may be directed against a custodian of the defendant's assets, including a nominal defendant. *See Colello*, 139 F.3d at 679 (concluding that nominal defendant was properly ordered to disgorge funds).

Second, we reject the Relief Defendants' argument that the injunctive relief ordered exceeded the equitable power of the district court. This argument raises the question of whether § 13a-1 affirmatively prohibits the relief ultimately sought by the Commission—disgorgement of the ill-gotten gains held by the Relief Defendants. *See Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946) ("[T]he comprehensiveness of . . . equitable jurisdiction is not to be denied or limited in the absence of a clear and valid legislative command. Unless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied."). If it does not, then

court will provide the Relief Defendants with an opportunity to demonstrate the existence of a legally and factually valid ownership interest to some or all of the assets prior to ordering disgorgement. *See Cavanagh*, 155 F.3d at 136-37 (noting that inclusion of nominal defendants in litigation ensures them an opportunity to contest actions affecting assets in their possession).

the court possessed the power to enter a preliminary injunction in order to preserve the existence of the remedy. *See Reebok Int'l, Ltd. v. Marnatech Enters.*, 970 F.2d 552, 559 (9th Cir. 1992). And, it is well settled that equitable remedies such as disgorgement are available to remedy violations of the CEA. *See CFTC v. Amer. Metals Exch. Corp.*, 991 F.2d 71, 76 (3d Cir. 1993) ("A number of courts have held that district courts have the power to order disgorgement as a remedy for violations of the [CEA] for the purpose of depriving the wrongdoer of his ill-gotten gains and deterring violations of the law." (internal quotation marks omitted)); *id.* at 76 n.9 (explaining that the authority to order disgorgement has been found in "the general equity power of the federal courts"); *Hunt*, 591 F.2d at 1222-23. The district court therefore possessed authority to impose a preliminary injunction freezing assets in order to preserve the future availability of permanent equitable relief.

## III.

For the reasons set forth above, we affirm the entry of the preliminary injunction.

*AFFIRMED*